## RESTORATION OF LIEN UNDER A MORTGAGE INADVERTENTLY RELEASED.

Court of Appeals for Stark County.

DANIEL MOSSOP v. J. W. BIDWELL ET AL.

Decided, January Term, 1916.

*Mortgage—Transferred as Collateral Security—And Inadvertently Released by the Transferee—Notation of Release on Mortgage Record Canceled and Lien of the Mortgage Restored—Notice as to Limited Transfers.*

Where the transfer of a mortgage, which is being used as collateral security, is not absolute on its face, but is of such a character as to clearly show it is a limited transfer, sufficient notice is afforded to one examining the title to the premises described in the mortgage that the transferee is not the absolute owner and has no right to release it of record, and a notation on the mortgage record, placed there by the mortgagee and inadvertently made in the form of a full release, should be stricken therefrom and the precedence of the lien originally attaching to such mortgage fully restored.

*Amerman & Mills,* for plaintiff.
*C. C. Upham* and *Floyd & Yutzey,* contra.

HOUCK, J.

This cause is here on appeal from the common pleas court of this county. The plaintiff claims in his amended petition that J. W. Bidwell and his wife, Ida Bidwell, are indebted to him in a sum amounting to about $2,150, with interest, due to him on a mortgage note of $3,900, the said note and mortgage bearing the date of September 1, 1909; that said mortgage was duly filed for record in the recorder's office of Stark county, Ohio, on the 3d day of September, 1909, and that said mortgage is the first and best lien on the real estate described therein. That on the 22d day of November, 1910, he assigned said mortgage as per the terms of a written contract as collateral security to the Stark-Tuscarawas Breweries Company, a corporation; that afterwards, on the 19th day of July, 1912, he paid and fully discharged all his indebtedness to said breweries company, and while said mortgage was in full force and effect as between him and the mortgagees, the said breweries company, by mistake on its part and without the knowledge of plaintiff, placed a notation on the mortgage record of said mortgage in the recorder's office of Stark county, Ohio, which he claims was only intended as a release of said assignment of said mortgage as collateral security to said breweries company, but by inadvertence and unintentionally the said breweries company placed the usual notation of a full release thereon. Plaintiff further asks that certain mortgages on said premises, one of $835, bearing date of May 14th, 1912, and one for $1,801, bearing date of September 30th, 1913, held by the Superintendent of State Banks of Ohio be declared inferior and subsequent to his said mortgage lien, and in fact prays that they be canceled and held for naught.

The defendant, the Superintendent of Banks of the State of Ohio, by answer denies all of the material allegations in the amended petition of plaintiff, and especially avers that by reason of the notation made on the margin of the record in said mortgage record containing the recording of said plaintiff's mortgage by the said breweries company that the same was released of record, and that by reason thereof the mortgages heretofore mentioned of said Superintendent of Banks of the State

of Ohio are the first and best liens on the real estate described therein, and further that the said pretended lien of plaintiff on his alleged mortgage is and has no force and effect in law.

The only issue in this case, as we view it, is as to the legal effect of the transfer and notation thereon of the Daniel Mossop mortgage, in the light of the facts as shown by the evidence and the law applicable thereto, the notation on the mortgage record being as follows:

"CANTON, OHIO, Nov. 22, 1910.
"For a good and valuable consideration I hereby sell, assign, convey and transfer all of my right, title and interest to the within note and mortgage to the Stark-Tuscarawas Breweries Company, a corporation, per the terms and conditions of a contract of even date herewith, by and between the parties hereto.
"DANIEL MOSSOP.
"Copied from original
mtg. Nov. 22, 1910.
"M. E. McFarren, Recorder, by G."

"CANTON, OHIO, July 19, 1912.
"This is to certify that the conditions of this mortgage have been satisfied.
"THE STARK-TUSCARAWAS BREWERIES CO.
"By JOHN F. WEISS, Sec'y & Treas.
"W. E. McFarren, Recorder. Copied from
original mtg. 7-9-12."

From an examination of the language contained in the above transfer it will readily be seen that it is a conditional or limited transfer, and is not absolute and entire. In other words, the transfer is in extent and scope limited (using the language there) "per the terms and conditions of a certain contract of even date herewith by and between the parties hereto" (referring to the plaintiff and the breweries company). The only right the breweries company had in and to the mortgage was that given to it by the transfer, and when it attempted to release it, whether inadvertently or otherwise, it did so without any authority in fact or in law as between the rights of the mortgagors and mortgagee. We think the language in the transfer is of such a character and nature, and not being absolute on

its face, but being a limited transfer, which is clearly patent by the language contained therein, is sufficient notice to persons examining the title of the premises' described in said mortgage to know that the transferee of same is not the absolute owner thereof, and has no right to release it of record.   The evidence in this case clearly shows, and in fact it is undisputed that the representative and agent of the Superintendent of State Banks who examined this title made no inquiry as to any contract, and made no examination as to whether or not the same was of record, although at this time the contract referred to in said transfer was of record and could have been found in Vol. 482, page 153, of the mortgage records of Stark county, Ohio.   An examination of the contract would have disclosed the fact that the breweries company was not the owner of the mortgage in question, and was without authority to release the same.

We think it is a well settled principle of law that whenever a party has information or knowledge of certain extraneous facts which of themselves do not amount to nor tend to show actual notice, but which are sufficient to put a reasonably prudent man upon inquiry respecting a conflicting interest, claim or right, and the circumstances are such that the inquiry if made and followed up with reasonable care and diligence would lead to a discovery of the truth, and a knowledge of the interest, claim or right which really exists, the party is absolutely charged with a constructive notice of such interest, claim or right, and the presumption of knowledge is then conclusive.

In view of what we have already said we think that the law and equities are in favor of the plaintiff, and that he is entitled to the relief prayed for in his petition, and that said notation on the mortgage record, placed there by the said breweries company, should be stricken therefrom and held for naught, and that judgment be entered in favor of the plaintiff on his note, with interest, and said real estate described in the amended petition be sold, and the proceeds first applied to the judgment of plaintiff.

Judgment and decree accordingly.

SHIELDS, J., and POWELL, J., concur.